**FILED**

**DECEMBER 27, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE PANTEL, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) ) | **07 C 7252** |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.     **JUDGE GOTTSCHALL** **MAGISTRATE JUDGE DENLOW** |
| TMG OF ILLINOIS, LLC, d/b/a TED'S MONTANA GRILL, TED'S MONTANA GRILL, INC., and GEORGE W. MCKERROW, JR., | ) ) ) ) ) | |
| Defendants. | ) ) | **JURY DEMANDED** |

**COMPLAINT**

Plaintiff Michelle Pantel, on behalf of herself and all other persons similarly situated, known and unknown, through her attorneys and for her complaint against Defendants TMG of Illinois, LLC, d/b/a Ted's Montana Grill ("TMG of Illinois"), Ted's Montana Grill, Inc.("TMG") and George McKerrow, states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, *et. seq.*, for Defendants' failure to pay Plaintiff and other similarly-situated employees earned minimum wage, overtime and straight time wages. TMG operates restaurants in 19 different states, all of which operate under the name Ted's Montana Grill. Plaintiff and the class she represents are current and former hourly

employees of Defendants, working as servers, bartenders, kitchen staff and other tipped and non-tipped hourly employees.

Defendants paid its tipped employees sub-minimum hourly wages, purportedly under the tip-credit provisions of the FLSA and IMWL. Those provisions permit employers of tipped employees to pay wages less than the prevailing minimum wage, so long as employers comply with other requirements of the tip-credit provisions. TMG willfully disregarded those requirements, and thus violated the federal and state minimum wage and overtime laws. TMG has a policy of regularly assigning tipped employees, paid sub-minimum wages, to perform an array of duties outside the duties of their tipped positions that would otherwise be performed by employees earning at least minimum wage. These duties include dishwashing, cleaning, food preparation and other "back of the house" duties. In addition, TMG failed to inform tipped employees of the provisions of the tip credit subsection of the FLSA.

Further, Defendants failed to pay Plaintiff and the class of all hourly employees for all time worked. Employees clocked into and out of work using Defendants' computerized timekeeping system. Managers regularly entered into the system and reduced the actual work time of employees, prior to forwarding that information for payroll processing. This practice violates the IWPCA, as it results in Defendants' failure to pay their employees for all time worked; it violates the FLSA where a portion of that uncompensated time exceeded 40 hours in a workweek.

In addition, during a period of time in Plaintiff's employment, Defendants utilized a "pay card" system to pay hourly employees. The pay card is a 'stored-value' card and operates like a debit or ATM card, but is linked to a financial institution chosen by Defendants, and not Plaintiff and other employees. Each employee is issued a pay card, and a Personal Identification Number

2

to use with the card.  Payroll funds are deposited into the handling bank chosen by Defendants, and the bank holds on account the wages due to the employees. Using the pay card, the employees can access their wages at automatic teller machines.

The operation of Defendants' pay card system resulted in violations of the FLSA and IWPCA. Employees are charged a $5.00 withdrawal fee when utilizing ATMs to obtain their wages, resulting the payment of wages less than the applicable minimum wage in certain work weeks. In addition, employees can only make ATM withdrawals in fixed increments, usually $20.00. Thus, the final portion of the wages, in amounts up to $19.99, can be difficult, or effectively impossible, for the employee to obtain. Further, the bank or financial institution into which an employee's wages are deposited is not selected by the employee, but instead is solely designated by Defendants, in violation of the IWPCA.

Plaintiff brings this lawsuit as a collective action under the FLSA, and as a class action under the IMWL and IWPCA.

**THE PARTIES**

2.     Plaintiff Michelle Pantel resides and is domiciled in Cook County, Illinois. From on or about June 25, 2007 through November 7, 2007, Plaintiff was employed by TMG as a server at its Glenview, Illinois restaurant within this judicial district.

3.     Defendant TMG of Illinois, LLC, doing business as Ted's Montana Grill, is an Illinois limited liability company that owns and operates four restaurants within Illinois, including the Glenview restaurant located in this judicial district.

4.     Defendant Ted's Montana Grill, Inc., is a Georgia corporation that operates directly, through wholly-owned subsidiary corporations, restaurants in nineteen (19) states.  All

restaurants operate under the name Ted's Montana Grill. TMG operates 56 restaurants in the following states:

| Number of Locations | State |
|---|---|
| 1 | Alabama |
| 8 | Colorado |
| 1 | Connecticut |
| 5 | Florida |
| 13 | Georgia |
| 4 | Illinois |
| 2 | Indiana |
| 4 | Kansas |
| 1 | Kentucky |
| 1 | Massachusetts |
| 2 | Missouri |
| 1 | Nebraska |
| 1 | New York |
| 2 | North Carolina |
| 2 | Ohio |
| 2 | Pennsylvania |
| 1 | Rhode Island |
| 1 | Tennesse |
| 4 | Virginia |

5.     Defendant George McKerrow is the chief executive officer of TMG, is an officer of TMG of Illinois, and on information and belief is an officer of the following entities: TMG of Alabama, LLC; TMG Restaurants, LLC; TMG of New England, LLC; TMG of Florida, LLC; TMG of Ohio, LLC; TMG of Missouri, LLC; TMG of Ohio, LLC; TMG of North Carolina, LLC; TMG of Maryland, LLC; TMG Mid-Atlantic, LLC. These entities operate, together with TMG, the restaurants in the 19 states identified above in paragraph 4. On information and belief, McKerrow is involved in the day to day business operations of Defendants. McKerrow has the authority to hire and fire employees; the authority to direct and supervise the work of employees; the authority to make decisions regarding employee compensation and capital expenditures; and is a signator on Defendants' checking accounts, including payroll accounts,.

6.     At all times relevant hereto, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(d), and the IWPCA, 820 ILCS 115/2. Plaintiff was not exempt from the minimum wage and overtime provisions of the FLSA and the IMWL.

7.     At all times relevant hereto, Defendants were "employer(s)" as defined in the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2. Defendant TMG of Illinois and TMG own and operate restaurants in Illinois, TMG owns and operates restaurants in other states as well. Both are "enterprise(s)" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of the Act. 29 U.S.C. § 203(s)(1). Defendants' employees are engaged in interstate commerce and Defendants TMG of Illinois and TMG's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes. During the course of her employment by Defendants, Plaintiff handled goods, including perishable produce and other food products, that moved in interstate commerce.

### COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Nationwide Collective Action Under 29 U.S.C. § 216(b))

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 7 of this Complaint.

8.     This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., for its failure to pay minimum wages to Plaintiff. Plaintiff brings this claim as a collective action under the Act. 29 U.S.C. § 216(b). A copy of Plaintiffs' consent form to act as a representative plaintiff is attached hereto as Exhibit 1.

9.    Plaintiff, employed as a server, and other similarly-situated persons employed as servers, bartenders, and in other tipped positions, were not exempt from the minimum wage provisions of the Fair Labor Standards Act.

10.    Plaintiff, as a tipped employee, was paid by Defendants at an hourly rate of $4.50; less than minimum wage. Ex. 2, Pantel Earnings Stmt., period ending September 16, 2007.

11.    An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. 29 U.S.C. § 203(m). The tip credit provision of the FLSA does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. § 203(m).

12.    Although Defendants took the tip credit by paying Plaintiff and similarly-situated tipped employees less than the minimum hourly wage, Defendants did not inform its tipped employees of the provisions of the tip credit subsection.

13.    Further, Defendants have a practice of regularly utilizing tipped employees to perform 'back of the house' duties and other work not within the scope of a tipped occupation. Thus, Defendants regularly require servers, bartenders, and other tipped employees to perform such duties as dishwashing, food preparation, kitchen and bathroom cleaning, and trash removal, but continues to pay them sub-minimum, tip-credit wages while engaged in those non-tipped duties.

14.    Defendants' use of it paycard system, in which employees are charged a $5.00 withdrawal fee when utilizing ATMs to obtain their wages, results in the payment of wages less

than the applicable minimum wage in certain work weeks. In addition, employees can only make ATM withdrawals in fixed increments, usually $20.00. Thus, the final portion of the wages, in amounts up to $19.99, can be difficult, or effectively impossible, for the employee to timely obtain, also resulting the payment of wages less than the minimum mandated by 29 U.S.C. §206.

15.    Defendants' failed to comply with the terms of the tip credit requirements of the FLSA and failed to otherwise pay all earned minimum wages as explained above. As a result of Defendants' violation of the Act, Plaintiff and similarly-situated tipped employees did not receive their earned wages. Defendants' failure to pay Plaintiff and similarly-situated tipped employees was a willful violation of the Act.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

A.    A judgment in the amount of the owed minimum wages for all time worked by Plaintiff and similarly-situated tipped employees;

B.    Liquidated damages in an amount equal to the amount of unpaid minimum wages;

C.    Reasonable attorneys' fees costs incurred in prosecuting this action; and

D.    Such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Nationwide Collective Action Under 29 U.S.C. § 216(b))

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15 of this Complaint.

16.    This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., for its failure to pay all overtime wages to Plaintiff and similarly-situated hourly employees at a rate of one and one half times their regular hourly rate of pay. Plaintiff brings this claim as a collective action under the Act. 29 U.S.C. § 216(b).

7

17.    Plaintiff and similarly-situated hourly employees were directed by Defendants to work, and did so work, in excess of 40 hours per week.

18.    Defendants failed to pay Plaintiff and similarly-situated hourly employees overtime wages at a rate of one and one-half times their regular hourly rate for all time worked in excess of 40 hours in individual workweeks, in violation of the maximum hour provisions of the FLSA.

19.    As a result of Defendants' violation of the Act, Plaintiff and similarly-situated hourly employees did not receive their earned wages.

20.    Defendants' failure to pay Plaintiff and similarly-situated hourly employees overtime was a willful violation the Act.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

A.    A judgment in the amount of the owed overtime wages for all time worked by Plaintiff and similarly-situated tipped employees;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime wages;

C.    Reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.    Such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Class Action – Illinois Employees)

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 20 of this Complaint.

21.    This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., for Defendants' failure to pay Plaintiff and the class of tipped employees that she represents all their earned minimum wages. Plaintiff and the class are

current and former Illinois employees of Defendants who are due, and who have not been paid, minimum wages and overtime wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. Plaintiff brings this Count III as a class action under Fed. R. Civ. P. 23.

22.      Plaintiff and other similarly-situated employees worked as servers, bartenders and in other tipped positions. Defendants paid these persons an hourly rate less than minimum wages; most recently, $4.50 per hour. Ex. 2, Pantel Earnings Stmt., period ending September 16, 2007.

23.      An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. § 203(m). The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. § 203(m).

24.      Although Defendants took the tip credit by paying Plaintiff and the class less than the minimum hourly wage, Defendants did not inform its tipped employees of the provisions of the tip credit subsection. Further, Defendants have a practice of regularly utilizing tipped employees to perform 'back of the house' duties and other work not within the scope of a tipped occupation, while paying those employees sub-minimum tip credit wages.

25.      Defendants' use of it paycard system in which employees are charged a $5.00 withdrawal fee when utilizing ATMs to obtain their wages results in the payment of wages less than the applicable minimum wage in certain work weeks. In addition, employees can only make ATM withdrawals in fixed increments, usually $20.00. Thus, the final portion of the wages, in

amounts up to $19.99, can be difficult, or effectively impossible, for the employee to obtain, also resulting the timely payment of wages less than the minimum mandated by 29 U.S.C. §206.

26.     Defendants' practices violate the minimum wage provisions of the IMWL.

27.     Plaintiff seeks to certify this Count III, Count IV, violation of the overtime provisions of the IMWL, and Counts V and VI, violation of the Illinois Wage Payment and Collection Act, as a class action; asks that the Court determine the rights of the classes pursuant to those statutes, and any other damages due; and asks the Court to direct Defendants to account for all back wages, penalties and prejudgment interest thereon due to the Plaintiff and the classes that she represents.

28.     Counts III, IV, V, and VI are brought pursuant to Fed. R. Civ P. 23 because the class members similarly situated to Plaintiff are so numerous that joinder of all members is impracticable. On information and belief, the classes under the state law claims will number in excess of 50 people. Plaintiff therefore brings this action against Defendants on her own behalf as an aggrieved employee, and in her representative capacity on behalf of the classes. The individually-named Plaintiff and the similarly-situated persons are equally affected by the minimum wage, maximum hour, and wage payment violations of Defendants, and the relief sought is for the benefit of the individual Plaintiff and the classes that she represents.

29.     The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any. The individual Plaintiff and the classes of similarly-situated persons on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit. The Named Plaintiff believes and asserts that she is able to fairly and

adequately represent and protect the interests of the classes. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the classes are entitled.

30.     The books and records of Defendants are material to Plaintiff's action as they disclose certain of the hours worked by each of the affected employees and the rate of pay for that work.

31.     Defendants violated the Illinois Minimum Wage Law by failing to compensate Plaintiff and members of the class consistent with the minimum wage provisions.

32.     Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff and the class pray judgment against Defendants as follows:

A.     A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D.     An injunction precluding Defendants from violating the Illinois Minimum Wage Law; and

E.     Such other and further relief as this Court deems just and proper.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Class Action – Illinois Employees)

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 32 of this Complaint.

33.     This Count IV is brought by Plaintiff on behalf of a class pursuant to Fed. R. Civ. P. 23.

34.     This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq., for its failure to pay Plaintiff and the class of hourly employees working in Illinois that she represents all their earned overtime pay for time worked in excess of 40 hours in individual workweeks. For all time worked in excess of 40 hours in individual workweeks, Plaintiff and the class were entitled to be paid one and one half times their regular hourly rate of pay. Plaintiff and the class are current and former hourly employees of Defendants who are due, and who have not been paid, all overtime wages under the maximum hour provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a.

35.     Plaintiff and similarly-situated hourly employees were directed by Defendants to work, and did so work, in excess of 40 hours per week.

36.     Defendants failed to pay Plaintiff and similarly-situated hourly employees overtime wages at a rate of one and one-half times their regular hourly rate for all time worked in excess of 40 hours in individual workweeks, in violation of the maximum hour provisions of the IMWL.

37.     As a result of Defendants' willful violation of the IMWL, Plaintiff and similarly-situated hourly employees did not receive their earned wages.

WHEREFORE, Plaintiff and the class pray for judgment against Defendants as follows:

A       A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D.     An injunction precluding Defendants from violating the Illinois Minimum Wage Law; and

E.     Such other and further relief as this Court deems just and proper.

**COUNT V**
**Violation of the Illinois Wage Payment and Collection Act – Nonpayment of Wages**
**(Class Action – Illinois Employees)**

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 37 of this Complaint.

38.    This Count V is brought by Plaintiff on behalf of a class of hourly employees working in Illinois pursuant to Fed.R. Civ. P. 23.

39.    At all relevant times herein, Defendants were "employer(s)" as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et. seq., and Plaintiff and similarly-situated persons were "employee(s)" within the meaning of that law. Defendants were at all times aware of its obligation to pay its hourly employees for all time they worked, and is aware of the compensation actually paid to Plaintiff and the class.

40.    Defendants agreed to compensate its employees, including Plaintiff and the class of hourly employees, for all time worked.

41.    However, Defendants failed to pay employees for all time worked pursuant to their agreement or understanding resulting in its hourly employees working certain time without compensation. Defendants thus failed to compensate Plaintiff and the class of hourly employees for all work time, in violation of the IWPCA.

WHEREFORE, Plaintiff and the class pray for judgment against Defendants as follows:

A.    A judgment in the amount of all back wages due as provided by the Illinois Wage Payment and Collection Act;

B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    Reasonable attorneys' fees and costs of this action;

D.    An injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act; and

E.    Such other and further relief as this Court deems just and proper.

**COUNT VI**
**Violation of the Illinois Wage Payment and Collection Act –Unlawful Deductions and Failure to Timely Pay Wages**
**(Class Action – Illinois Employees)**

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 41 of this Complaint.

42.    This Count VI is brought by Plaintiff on behalf of a class of hourly employees employed in Illinois pursuant to Fed.R. Civ. P. 23.

43.    During Plaintiffs' employment, Defendants utilized a "pay card" system to pay hourly employees. The pay card is a 'stored-value' card and operates like a debit or ATM card, but is linked to a financial institution chosen by Defendants, and not Plaintiff and other employees. Defendants deposit wages earned by employees into the handling bank chosen by

14

Defendants, and the bank disburses the wages to the employees. Plaintiff and other employees can then access their wages at automatic teller machines.

44.     Employees are charged, on occasion, a $5.00 withdrawal fee when utilizing ATMs to obtain their wages resulting in the non-payment of all earned wages. In addition, employees can only make ATM withdrawals in fixed increments, usually $20.00. Thus, the final portion of the wages, in amounts up to $19.99, can be difficult, or effectively impossible, for the employee to obtain.

45.     Section 115/4 of the IWPCA provides, in part:

All wages and final compensation shall be paid in lawful money of the United States, by check, redeemable upon demand and without discount at a bank or other financial institution readily available to the employee, or by deposit of funds in an account in a bank or other financial institution designated by the employee. No employer may designate a particular financial institution, bank, savings bank, savings and loan, or currency exchange for the exclusive payment or deposit of a check for wages.

46.     Defendants' payment use of its paycard system to compensate Illinois employees violates the IWPCA.

WHEREFORE, Plaintiff and the class pray for judgment against Defendants as follows:

A.     A judgment in the amount of all back wages due as provided by the Illinois Wage Payment and Collection Act;

B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs of this action;

D.     An injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act; and

E.     Such other and further relief as this Court deems just and proper.

Dated: December 14, 2007

Respectfully submitted,

Michelle Pantel


s/ Douglas M. Werman
One of the Attorneys for Plaintiff

Douglas M. Werman
Maureen A. Bantz
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603
312/360-0960

Attorneys for Plaintiff

# EXHIBIT 1

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below I represent to the Court that I have been employed by Ted's Montana Grill, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendant time in excess of forty (40) hours in individual work weeks, and have not been paid all of the minimum and overtime wages owed to me pursuant to 29 U.S.C. §§206, 207. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _Michelle Pantel_____    (print your name)

Signature: _Michelle Pantel_____

Date on which I signed this Notice: ____11/26/07_____
                                         (today's date)

# EXHIBIT 2



**Employee**

Michelle Pantel

| Details | | | | | This period | Year-to-date |
|---|---|---|---|---|---|---|
| **Employee SSN** | **Earnings** | **Rate** | **Hours** | | | |
| XXX-XX-0076 | Regular | $ 4.50 | 57.54 | | $ 258.93 | $ 1,171.48 |
| **Employee ID** | Tips | | | | $ 551.15 | $ 1,876.15 |
| 56730 | **Gross Pay:** | | | | **$ 810.08** | **$ 3,047.63** |
| **Period Begin Date** | | | | | | |
| 2007-09-03 | | | | | | |
| **Period Ending Date** | **Taxes** | | | | **This period** | **Year-to-date** |
| | FED | | | | $ 92.96 | $ 302.74 |
| 2007-09-16 | IL | | | | $ 24.30 | $ 91.42 |
| **Pay Date** | MCEE | | | | $ 11.75 | $ 44.19 |
| | SSEE | | | | $ 50.22 | $ 188.95 |
| 2007-09-21 | | | | | | |
| **Pay Advice #** | **Net Pay** | | | | **$ 79.70** | **$ 544.18** |
| A00615726 | **Your federal taxable wages this period** | | | | **$ 810.08** | |
| **Marital Status** | **Benefits/Other Information** | | | | **This period** | **Year-to-date** |
| SINGLE | CHARGE RECEIPTS | | | | $ 3,163.67 | |
| **Exemptions** | CHARGE TIPS | | | | $ 611.81 | |
| **Federal:** 0 | GROSS RECEIPTS | | | | $ 4,865.82 | |
| **State:** 0 | | | | | | |
| **Local:** 0 | **Distributions** | | | | | |
| **Ad. Witholdings** | **Type** | **Amount** | **Account #** | | | |
| **Federal:** | CHECKING | $ 79.70 | .....9737 | | | |
| **State:** | | | | | | |
| **Local:** | | | | | | |