IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
**Eastern Division**

| | | |
|---|---|---|
| MICHELLE PANTEL on behalf of herself and all other persons similarly situated, known or unknown, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No. 07-C-7252 Hon. Joan B. Gottschall |
| TMG OF ILLINOIS, LLC, d/b/a TED'S MONTANA GRILL, TED'S MONTANA GRILL, INC., and GEORGE W. MCKERROW, JR., | * * * * * | |
| Defendants. | * | |

## ANSWER TO COMPLAINT

For their Answer to Plaintiff's Complaint, defendants TMG of Illinois, LLC ("TMGI"), Ted's Montana Grill, Inc. ("TMG") and George W. McKerrow, Jr. ("McKerrow"), state as follows:

1. Defendants admit that: TMG operates restaurants in 19 states under the name Ted's Montana Grill; plaintiff is a former employee of TMG; plaintiff was paid by the hour and received tips; where appropriate, employees were paid pursuant to laws allowing for the taking of a tip credit; employees used a computerized time-keeping system; during the time plaintiff worked for TMG, employees were able to contract with Money Network to use a Money Network Stored Value Card; and, those employees who enrolled with Money Network could use the card to withdraw cash at automatic teller machines and other locations. Defendants deny the remaining allegations of Paragraph 1 of the Complaint.

2. Defendants admit that plaintiff was employed by TMG as a server at TMG's Glenview, Illinois restaurant from July 2, 2007 to November 4, 2007, and lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 of the Complaint.

3. Defendants admit that TMGI operates four restaurants in Illinois that do business as Ted's Montana Grill, admit further that these include the Glenview, Illinois restaurant which is located within this District, and deny the remaining allegations of paragraph 3 of the Complaint.

4. Defendants admit that TMG operates restaurants in 19 states under the name "Ted's Montana Grill" and deny the remaining allegations of paragraph 4 of the Complaint.

5. Defendants admit that defendant McKerrow is the Chief Executive Officer of TMG and an officer of the other entities listed in paragraph 5 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint.

6. Defendants admit that plaintiff was an employee of defendants TMG and TMGI and deny the remaining allegations of paragraph 6 of the Complaint on the grounds they set forth legal conclusions to which no response is required.

7. Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required and accordingly is denied.

8. Defendants lack knowledge or information sufficient to form a belief as to whether plaintiff signed Exhibit 1 and deny the remaining allegations of paragraph 8 of the Complaint.

9. Defendants admit that plaintiff was employed as a server, lack knowledge or information sufficient to form a belief as to which other persons might be similarly situated to plaintiff and deny the remaining allegations of paragraph 9 of the Complaint on the grounds they constitute legal conclusions.

10. Defendants admit that defendant TMG paid plaintiff at the rate of $4.50 per hour, answer further that plaintiff also received tips, admit that Exhibit 2 appears to be a copy of an earnings statement and deny the remaining allegations of paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint sets forth legal conclusions to which no response is required and accordingly is denied.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants deny the allegations of paragraph 13 of the Complaint.

14. Defendants deny the allegations of paragraph 14 of the Complaint.

15. Defendants deny the allegations of paragraph 15 of the Complaint.

15A. Defendants deny that plaintiff is entitled to any relief, including that requested in the prayer for relief that follows paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

20A. Defendants deny that plaintiff is entitled to any relief, including that requested in the prayer for relief that follows paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants admit that plaintiff was employed as a server, lack knowledge or information sufficient to form a belief as to which other persons might be similarly situated to

plaintiff and deny the remaining allegations of paragraph 22 of the Complaint on the grounds they constitute legal conclusions.

23. Paragraph 23 sets forth legal conclusions to which no response is required and accordingly is denied.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 30 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

32A. Defendants deny that plaintiff is entitled to any relief, including that requested in the prayer for relief that follows paragraph 32 of the Complaint.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

37A.    Defendants deny that plaintiff is entitled to any relief, including that requested in the prayer for relief that follows paragraph 37 of the Complaint.

38.    Defendants deny the allegations of paragraph 38 of the Complaint.

39.    Paragraph 39 of the Complaint sets forth legal conclusions to which no response is required and accordingly is denied.

40.    Defendants admit that defendant TMG agreed to compensate plaintiff as well as other persons it employed for all time worked and deny the remaining allegations of paragraph 40 of the Complaint.

41.    Defendants deny the allegations of paragraph 41 of the Complaint.

41A.    Defendants deny that plaintiff is entitled to any relief, including that requested in the prayer for relief that follows paragraph 41 of the Complaint.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint.

43.    Defendants admit that during plaintiff's employment she was eligible to contract with Money Network for the use of a Stored Value Card, admit further that the Money Network card can be used to withdraw cash at automatic teller machines and other locations and deny the remaining allegations of paragraph 43 of the Complaint.

44.    Defendants admit that a Stored Value Card can be used at automatic teller machines, admit further that some automatic teller machines may impose usage fees for withdrawals and deny the remaining allegations of paragraph 44 of the Complaint.

45.    Paragraph 45 of the Complaint sets forth legal conclusions to which no response is required and accordingly is denied.

46.    Defendants deny the allegations of paragraph 46 of the Complaint.

46A. Defendants deny that plaintiff is entitled to any relief, including that requested in the prayer for relief that follows paragraph 46 of the Complaint.

### **AFFIRMATIVE DEFENSES**

### 1st DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### 2nd DEFENSE

Plaintiff's Complaint is barred by her failure to seek the arbitration of her claims pursuant to the Arbitration Agreement between the parties, a copy of which is attached hereto as Exhibit "A." Defendants, therefore, respectfully request that all proceedings in this action be stayed pending arbitration between the parties.

### 3rd DEFENSE

Plaintiff's Complaint improperly combines a request to proceed as a collective action under 29 U.S.C. § 216 with a request to proceed as a class action under Federal Rule of Civil Procedure 23. Accordingly, this Court should decline to exercise supplemental jurisdiction over plaintiff's claims that are based on the law of Illinois.

### 4th DEFENSE

Plaintiff has failed to satisfy all conditions precedent necessary to the institution and maintenance of this action. Among other things, to the extent plaintiff seeks to represent others in this action, she has failed to file the consents required by 29 U.S.C. §§ 216(b) and 256.

### 5th DEFENSE

The proposed class members are not similarly situated, the proposed class lacks the typicality and numerosity necessary to support a class action, questions of law or fact affecting

individual members of the proposed class predominate over questions of law or fact common to the proposed class, and no Defendant has acted or refused to act on grounds generally applicable to the class; hence class or collective treatment for this case is inappropriate.

### 6th DEFENSE

Defendant George McKerrow, Jr. cannot be individually liable for Plaintiff's claims as a matter of law. Mr. McKerrow was not an employer as defined under the Fair Labor Standards Act or the Illinois Labor Laws.

### 7th DEFENSE

Throughout plaintiff's employment with defendants TMG and TMGI, she received meals without any charge. Accordingly, Defendants are entitled to a meal credit as a set-off against wages claimed by Plaintiff.

### 8th DEFENSE

Defendants are entitled to a set-off for monies paid for any hours that Plaintiff did not work.

### 9th DEFENSE

The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of payment. Plaintiff was paid all compensation and benefits to which she was lawfully entitled and to which she voluntarily agreed and accepted.

### 10th DEFENSE

The Complaint is barred because any recovery from Defendants would result in Plaintiff's unjust enrichment.

## 11th DEFENSE

Some of Plaintiff's claims may be subject to the *de minimis* rule, 29 C.F.R. §785.47.

## 12th DEFENSE

Defendants have acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, and/or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. § 259.

## 13th DEFENSE

On information and belief, plaintiff's request for damages and attorneys' fees is barred by her own failure to mitigate her alleged damages.

## 14th DEFENSE

Plaintiff is not entitled to punitive damages.

## 15th DEFENSE

On information and belief, Plaintiff's claims are barred by the doctrines of waiver, estoppel and avoidable consequences.

## 16th DEFENSE

On information and belief, plaintiff's claims are barred by the applicable statutes of limitation.

## 17th DEFENSE

Any actions taken by Defendants TMG and TMGI with respect to Plaintiffs were taken for legitimate business reasons and not for any unlawful purpose.

WHEREFORE, having fully answered, Defendants pray that:

a. Plaintiffs' Complaint be dismissed with prejudice and judgment be entered in Defendants' favor;

b. Defendants recover their costs and expenses of litigation, including their attorneys' fees from Plaintiff; and

c. Defendants have such other and further relief as may be just and proper.

Dated: March 28, 2008.

SHEA STOKES ROBERTS & WAGNER, ALC

s/s John R. Hunt
Admitted *Pro Hac Vice*
Theodore Lu
3593 Hemphill Street
College Park, GA  30337
404.766.0076 Telephone
404.766.8823 Facsimile

Attorneys for Defendants


s/s Jason C. Kim
Neal Gerber & Eisenberg LLP
2 N. LaSalle Street, Suite 2200
Chicago, IL  60602
312.269.8019

Local Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| MICHELLE PANTEL on behalf of herself and all other persons similarly situated, known or unknown, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No. 07-C-7252 |
| TMG OF ILLINOIS, LLC, d/b/a TED'S MONTANA GRILL, TED'S MONTANA GRILL, INC., and GEORGE W. MCKERROW, JR., | * * * * * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Answer to Complaint** was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also mailed by United States Mail, postage prepaid, addressed as follows:

Douglas M. Werman
Maureen A. Bantz
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, IL  60602

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, IL  60603

This 28th day of March, 2007.

s/s   Jason C. Kim

NGEDOCS: 1518326.2

4816-0776-7554.1