IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

MICHELLE PANTEL on behalf of herself  \*
and all other persons similarly situated,  \*
known or unknown,  \*
  \*
    Plaintiff,  \*
  \*
v.  \*  Case No. 07-C-7252
  \*
TMG OF ILLINOIS, LLC, d/b/a TED'S  \*
MONTANA GRILL, TED'S MONTANA  \*
GRILL, INC., and GEORGE W.  \*
MCKERROW, JR.,  \*
  \*
    Defendants.  \*

## DECLARATION OF LAURA GRUNWALD

Pursuant to 28 U.S.C. § 1746 and Federal Rule of Civil Procedure 43(d), Laura Grunwald makes the following Declaration.

1.

My name is Laura Grunwald. The facts stated in this Declaration are true and based on my personal knowledge.

2.

I am the Human Resources Manager of Ted's Montana Grill, Inc. ("TMG"), a defendant in the above case. In this capacity, I have acquired knowledge of TMG's personnel practices, policies and procedures. My job duties include maintaining copies of personnel records for those persons employed by TMG. Such records include TMG's Arbitration Policy and Arbitration Agreement Acknowledgment Form.



3.

All employees of TMG receive a copy of the Arbitration Policy. The Arbitration Policy is discussed and reviewed during an employee's orientation. Following the orientation, if an employee chooses to accept the Arbitration Policy, an Arbitration Agreement Acknowledgement Form is signed by the employee. Following its execution, the Acknowledgment is placed in the employee's personnel file. The Acknowledgments are maintained by TMG in the regular course of TMG's business and it is in the regular course of business for TMG to retain the forms in its personnel files.

4.

I am familiar with the plaintiff, Michelle Pantel. TMG's records reflect that Ms. Pantel worked at a Ted's Montana Grill restaurant in Glenview, Illinois from July 2, 2007 to November 4, 2007.

5.

Attached hereto as Exhibit "A" are true and correct copies of the Arbitration Agreement Acknowledgment Form and the Arbitration Policy that were signed by Ms. Pantel on July 2, 2007, when she began her employment at TMG.

6.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

April 22, 2008
Date

*Laura Grunwald*
Laura Grunwald

4843-9941-5810.1



# Arbitration Agreement
# Acknowledgement Form

I have carefully reviewed the formal Arbitration Procedure described in the attached Arbitration Agreement, a copy of which I have received and is incorporated herein, and I understand that all disputes covered by that process shall be resolved solely and exclusively by that process and in accordance with that process. I further understand and agree that any decision issued by an Arbitrator pursuant to that procedure shall be final and binding on Ted's Montana Grill, Inc., (the Company) and me.

In exchange for the company's agreement to submit these disputes to the arbitration procedure and in consideration of the anticipated expedition and minimization of expense provided by this arbitration procedure, I agree that this process shall provide the sole and exclusive remedy for any dispute covered by the arbitration agreement, and I waive any right I might have to sue over or to seek redress for such disputes in any civil or administrative action or forum to the fullest extent allowed by law included but not limited to my right to trial by jury.

Having read and understood the foregoing, I knowingly and voluntarily agree to accept the Company's formal Arbitration Procedure.

___07/02/07___  
Date

___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___  
SSN

___Michelle Pantel___  
Team Member Name

___Michelle Pantel___  
Team Member Signature

___[signature]___  
Manager Signature

___07/02/07___  
Date

**EXHIBIT A**  
ALL-STATE LEGAL®

—— Exhibit "A", page one of four



# ARBITRATION POLICY

## COMPLAINT RESOLUTION:

Neither you nor the Company will benefit if you are unable to do your best work because of questions or misunderstandings about your job. Without feedback from you, your Proprietor may have unknowingly failed to detect your concern about a subject. Don't let oversights grow into misunderstandings by failing to speak up, and don't let your failure to speak up cause you to make mistakes or to do a poor job. Your participation and input will make this a better, more enjoyable place for all of us to work. If you have a problem, question, complaint, or feel you are being harassed in any manner, you should follow these simple steps as quickly as possible:

First, discuss your problem with your Proprietor. They know you and your job better than anyone else.

Second, in the event that you have a problem, which cannot be resolved informally with your Proprietor, or you have discussed it with your Proprietor and are not satisfied with the results, or the Proprietor is the problem, feel free to arrange a meeting with your Market Leader, Vice President of Operations or the Vice President of Human Resources. Remember, there are no insignificant questions, suggestions or complaints.

Third, if the problem cannot be resolved with your Vice President of Operations and Human Resources, and you are eligible for the Company's Arbitration Procedure, arbitration shall be the exclusive, final and binding remedy for any disputes related to your employment. If you are unfamiliar with arbitration, it is a procedure commonly found in union contracts. Arbitration is also a device that many progressive, non-union employers are beginning to use in order to avoid needless litigation, while maximizing Team Member participation, due process, and fairness in the workplace.

These complaint resolution procedures assure you that your problems will receive adequate attention. We want to settle work related problems as quickly as possible instead of letting them fester and grow to unnecessary proportions.

### Whom does This Arbitration Procedure cover?

In order to qualify for the Arbitration Procedure, you must enter into an Arbitration Agreement. This is a contract in which you agree to be bound by any resulting arbitration decision. After you sign this agreement, you are eligible to participate in the process and are bound by its results.

### Arbitration Procedure:

In order to qualify for the Arbitration which you agree to use the process as the sole and final means for resolving a grievance, and agree to be bound by any resulting arbitration decision. After you sign this agreement, you are eligible to participate in the process and are bound by its results.

### Definition of a Grievance:

For the purpose of the Arbitration Procedure, an eligible Team Member who files a grievance for arbitration is referred to as a "grievant. A "grievance" is any dispute a Team Member may have with the Company, the Company's officers, representatives, Proprietor(s), and/or other Team Members, in any way relating to or affecting the grievant's employment and/or termination of employment that the Team Member has been unable to

Page two

resolve with his or her department head and Human Resources. Specific examples include, but are not limited to, any disputes regarding involuntarily termination or resignation, discipline, promotions and/or transfers, harassment, wages or other compensation due, alleged violation of wage and hour laws and other public policies and statutes, workplace safety, unequal application of employment policies, procedures and practices, and all forms of discrimination. The term grievance does not include disputes over the content, establishment or amendment of Company policies, procedures and practices, Company wage systems, salary structure(s) and/or benefits, and job content or job description. It also does not include workers' compensation claims.

### Scope of Arbitration Procedure:

The Company's Arbitration Procedure is exclusive of any other remedies. It applies to all disputes in any way related to an eligible Team Member's employment, prospective employment, termination of employment, or in any way connected directly or indirectly with employment with the Company, which the parties are unable to resolve through direct discussion. It applies to a Team Member's rights under federal and state statutes and common laws to the fullest extent allowed by law, including but not limited to: family and medical leave laws and occupational, safety and health laws, the Fair Labor Standards Act, and federal and state anti-discrimination laws, including Title VII of the 1964 Civil Rights Act, the American with Disabilities Act, the Age Discrimination in Employment Act, and the California Fair Employment and Housing Act. Under this procedure, Team Members waive any statutory right to a trial by jury. Remedies available under this procedure include all remedies, which would be available if the Team Member's dispute were tried in court. The parties further agree that all controversies or claims arising out of or relating to this arbitration procedure, its interpretation, performance or breach, including without limitation the validity, scope and enforceability of the agreement to arbitrate, shall be settled by arbitration and shall be governed by federal law.

### How To File A Grievance:

A grievance is considered filed when you deliver a written statement to the Company's Vice President of Operations and/or the Vice President of Human Resources describing your dispute and the condition(s) or event(s) that caused the dispute. The statement should also set forth those specific Company policies, practices and/or procedures, if any, which have been violated or unequally applied, and the specific relief or remedy you seek in redressing your dispute. Grievances should be filed within twelve (12) months of the event, giving rise to the grievance, or where the applicable statute of limitation is more than twelve (12) months, within the period required by the applicable statute of limitation. Failure to demand arbitration by filing a grievance within this time period shall constitute a final and irrevocable waiver of all rights to arbitrate the dispute.

### Procedure For The Arbitration:

Unless otherwise specified, the Arbitration Procedure is governed by the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and by the Employment Dispute Resolution Rules of the American Arbitration Association. The arbitrator must be neutral and impartial and will be selected by mutual agreement of the grievant and the Company's Vice President of Operations. The arbitrator must also be a member of the American Arbitration Association. The arbitrator may not be a Company Proprietor, Officer, Director or Team Member. If the parties cannot agree on an arbitrator within seven days after submission of the dispute to arbitration, the Company's Vice President of Operations or his/her designee will request a list of seven arbitrators from the American Arbitration Association. If the parties fail to reach agreement on an arbitrator from that list within three days, the grievant and the Company's Vice President of Operations will alternatively take turns striking names from the arbitration list until there is only one name remaining, and that remaining person shall be the arbitrator authorized by the parties to hear and to decide the dispute. The order for striking names from the arbitration list will be decided by a flip of a coin. Unless otherwise ordered by the arbitrator, the expenses of the neutral arbitrator, the arbitrator's transcript and court reporter's fee, if any, and any other costs associated with the facilities used for the arbitration, shall be divided equally between the grievant and the Company. However, if the grievant is unable to pay his/her share of that expense, the Company will advance the grievant's share (under mutually agreeable terms to be worked out by the Company's Vice President of Operations and the grievant) The arbitrator will preside at an arbitration hearing, to be held within six months of the arbitrator's selection. Before the hearing, the grievant and the Company have the opportunity to conduct such discovery, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute. The parties may be represented by counsel of their own choosing at the

Page three

arbitration hearing, provided each party notifies the other of the name, address and phone number of their counsel at least ten workdays prior to the hearing and provided further that each will be responsible for their own attorney's fees unless the arbitrator awards the grievant reasonable attorney's fees. Each party shall be allowed to subpoena witnesses, to present sworn testimony and documentary evidence, and to cross-examine opposing witnesses. They may also present oral arguments to the arbitrator in support of their position or, if the parties wish, they may submit written briefs to the arbitrator summarizing the evidence and containing argument. After the close of the arbitration hearing and submission of briefs, if any, the arbitrator will issue a decision and award, resolving the grievant's dispute. That decision will be final and binding upon the grievant and the Company and conclusive to the fullest extent allowed by law.

### Arbitrator's Authority:

The arbitrator shall have authority to rule on pre-arbitration motions and discovery matters. With regard to the grievance, the arbitrator shall have authority only to rule on the issue submitted. The arbitrator shall base the decision and award, if any, on the facts presented in briefs and at the hearing and in accordance with governing prevailing law, including statutory and judicial authority. The issue for the arbitrator will be whether the action(s) complained of by the grievant were for legitimate reason(s). The arbitrator will take into account the nature of the conditions or events giving rise to the dispute, the nature of the Team Member's position and responsibilities, and the Company's policies, practices, and procedures and compliance with applicable federal, state or local laws. In carrying out these duties, the arbitrator must follow the personnel policies of the Company as set forth in the Policies and Procedures/Training Material in effect at the time of the event-giving rise to the grievance. The arbitrator may not modify or revoke this Arbitration Procedure or any other Company policy, including the Company's employment at-will policy.

### Arbitrator's Decision:

Within twenty (20) workdays after the close of the arbitration hearing and submission of briefs, if any, the arbitrator will issue a detailed written decision and award, resolving the grievant's dispute. The arbitrator's written opinion and award shall decide all issues submitted and set forth the legal principles supporting each part of the opinion. The arbitrator's decision will be final and binding on the grievant and the Company to the fullest extent allowed by law. Please sign the acknowledgement confirming that you have read and fully understand the company's Arbitration policy.

Exhibit "A", page four of four



**Shea Stokes Roberts & Wagner**
A Law Corporation

3593 Hemphill Street
College Park, Georgia 30337

Telephone (404) 766-0076
Facsimile (404) 766-8823

John R. Hunt
jhunt@sheastokes.com
Direct Dial 404.766.7629

www.sheastokes.com

April 11, 2008

*Via Email and U.S. Mail*

Douglas M. Werman, Esq.
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, IL 60602

Jamie G. Sypulski, Esq.
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, IL 60603

Re: <u>Michelle Pantel and others similarly situated v. TMG of Illinois, LLC, d/b/a/Ted's Montana Grill, Inc., and George W. McKerrow, Jr.</u>, United States District Court, for the Northern District of Illinois, Eastern Division, Case No. 07 C 7252

Dear Doug and Jamie:

As you may be aware from the Defendants' Answer, the plaintiff, Ms. Michele Pantel, signed an Arbitration Agreement while she was employed at Ted's Montana Grill. Among other things, the Agreement requires the arbitration of claims arising under the Fair Labor Standards Act as well as state law. The arbitration is to be conducted pursuant to the terms of the American Arbitration Association's Employment Dispute Resolution Rules.

In view of the above, please advise as to whether Ms. Pantel would be willing to enter into a Consent Order that voluntarily stays proceedings in this action pending arbitration. We would appreciate your response by April 17, 2008. If Ms. Pantel is unwilling to so agree, please allow this letter to serve as notice that defendants intend to apply to the district court for an order staying proceedings and compelling arbitration. 9 U.S.C. §§ 3, 4.

I look forward to hearing from you and please advise if you have any questions in the meantime.

Sincerely,

John R. Hunt

JRH/sl
cc: Jason C. Kim, Esq.

4828-0597-2482.1



EXHIBIT 2



77 West Washington Street
Suite 1402
Chicago, Illinois 60602

**Werman**
LAW OFFICE P.C.

Tel: (312) 419-1008
Fax: (312) 419-1025
www.flsalaw.com

April 16, 2008

*Via Electronic Mail*
John Hunt
Shea Stokes
3593 Hemphill Street
College Park, GA, 30337

    Re:   *Pantel V. TMG, Inc.*
             Case No. 07 C 7252

Dear John:

    This is in response to your letter dated April 11, 2008. Ms. Pantel does not agree enter into a Consent Order staying this matter pending arbitration. As a result, we understand that your client will file a motion to compel arbitration.

                                      Very truly yours,

                                      Douglas M. Werman

DMW/ms

cc:   Jamie G. Sypulski
       Jason Kim

**EXHIBIT 3**