*Pantel v. TMG of Illinois, LLC, dba Ted's Montana Grill, et al.,*
Case No. 07 C 7252

Plaintiffs' Response to Defendants' Motion
to Stay and Compel Arbitration

Exhibit 1,    American Arbitration Association, Supplementary Rules
              for Class Arbitrations

# Exhibit 1



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Supplementary Rules for Class ARBITRATIONS
Effective Date October 8, 2003

1. Applicability
2. Class Arbitration Roster and Number of Arbitrators
3. Construction of the Arbitration Clause
4. Class Certification
5. Class Determination Award
6. Notice of Class Determination
7. Final Award
8. Settlement, Voluntary Dismissal, or Compromise
9. Confidentiality; Class Arbitration Docket
10. Form and Publication of Awards
11. Administrative Fees and Suspension for Nonpayment
12. Applications to Court and Exclusion of Liability

1. Applicability

(a) These Supplementary Rules for Class Arbitrations ("Supplementary Rules") shall apply to any dispute arising out of an agreement that provides for arbitration pursuant to any of the rules of the American Arbitration Association ("AAA") where a party submits a dispute to arbitration on behalf of or against a class or purported class, and shall supplement any other applicable AAA rules. These Supplementary Rules shall also apply whenever a court refers a matter pleaded as a class action to the AAA for administration, or when a party to a pending AAA arbitration asserts new claims on behalf of or against a class or purported class.

(b) Where inconsistencies exist between these Supplementary Rules and other AAA rules that apply to the dispute, these Supplementary Rules will govern. The arbitrator shall have the authority to resolve any inconsistency between any agreement of the parties and these Supplementary Rules, and in doing so shall endeavor to avoid any prejudice to the interests of absent members of a class or purported class.

(c) Whenever a court has, by order, addressed and resolved any matter that would otherwise be decided by an arbitrator under these Supplementary Rules, the arbitrator shall follow the order of the court.

2. Class Arbitration Roster and Number of Arbitrators

(a) In any arbitration conducted pursuant to these Supplementary Rules, at least one of the arbitrators shall be appointed from the AAA's national roster of class arbitration arbitrators.

(b) If the parties cannot agree upon the number of arbitrators to be appointed, the dispute shall be heard by a sole arbitrator unless the AAA, in its discretion, directs that three arbitrators be appointed. As used in these Supplementary Rules, the term "arbitrator" includes both one and three arbitrators.

3. Construction of the Arbitration Clause

Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the

construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award"). The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award. Once all parties inform the arbitrator in writing during the period of the stay that they do not intend to seek judicial review of the Clause Construction Award, or once the requisite time period expires without any party having informed the arbitrator that it has done so, the arbitrator may proceed with the arbitration on the basis stated in the Clause Construction Award. If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator may stay further proceedings, or some part of them, until the arbitrator is informed of the ruling of the court.

In construing the applicable arbitration clause, the arbitrator shall not consider the existence of these Supplementary Rules, or any other AAA rules, to be a factor either in favor of or against permitting the arbitration to proceed on a class basis.

4. Class Certification

(a) Prerequisites to a Class Arbitration

If the arbitrator is satisfied that the arbitration clause permits the arbitration to proceed as a class arbitration, as provided in Rule 3, or where a court has ordered that an arbitrator determine whether a class arbitration may be maintained, the arbitrator shall determine whether the arbitration should proceed as a class arbitration. For that purpose, the arbitrator shall consider the criteria enumerated in this Rule 4 and any law or agreement of the parties the arbitrator determines applies to the arbitration. In doing so, the arbitrator shall determine whether one or more members of a class may act in the arbitration as representative parties on behalf of all members of the class described. The arbitrator shall permit a representative to do so only if each of the following conditions is met:

(1) the class is so numerous that joinder of separate arbitrations on behalf of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately protect the interests of the class;

(5) counsel selected to represent the class will fairly and adequately protect the interests of the class; and

(6) each class member has entered into an agreement containing an arbitration clause which is substantially similar to that signed by the class representative(s) and each of the other class members.

(b) Class Arbitrations Maintainable

An arbitration may be maintained as a class arbitration if the prerequisites of subdivision (a) are satisfied, and in addition, the arbitrator finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class arbitration is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:

(1) the interest of members of the class in individually controlling the prosecution or defense of separate arbitrations;

(2) the extent and nature of any other proceedings concerning the controversy already commenced by or against members of the class;

(3) the desirability or undesirability of concentrating the determination of the claims in a single arbitral forum; and

(4) the difficulties likely to be encountered in the management of a class arbitration.

5. Class Determination Award

(a) The arbitrator's determination concerning whether an arbitration should proceed as a class arbitration shall be set forth in a reasoned, partial final award (the "Class Determination Award"), which shall address each of the matters set forth in Rule 4.

(b) A Class Determination Award certifying a class arbitration shall define the class, identify the class representative(s) and counsel, and shall set forth the class claims, issues, or defenses. A copy of the proposed Notice of Class Determination (see Rule 6), specifying the intended mode of delivery of the Notice to the class members, shall be attached to the award.

(c) The Class Determination Award shall state when and how members of the class may be excluded from the class arbitration. If an arbitrator concludes that some exceptional circumstance, such as the need to resolve claims seeking injunctive relief or claims to a limited fund, makes it inappropriate to allow class members to request exclusion, the Class Determination Award shall explain the reasons for that conclusion.

(d) The arbitrator shall stay all proceedings following the issuance of the Class Determination Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Class Determination Award. Once all parties inform the arbitrator in writing during the period of the stay that they do not intend to seek judicial review of the Class Determination Award, or once the requisite time period expires without any party having informed the arbitrator that it has done so, the arbitrator may proceed with the arbitration on the basis stated in the Class Determination Award. If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator may stay further proceedings, or some part of them, until the arbitrator is informed of the ruling of the court.

(e) A Class Determination Award may be altered or amended by the arbitrator before a final award is rendered.

6. Notice of Class Determination

(a) In any arbitration administered under these Supplementary Rules, the arbitrator shall, after expiration of the stay following the Class Determination Award, direct that class members be provided the best notice practicable under the circumstances (the "Notice of Class Determination"). The Notice of Class Determination shall be given to all members who can be identified through reasonable effort.

(b) The Notice of Class Determination must concisely and clearly state in plain, easily understood language:

    (1) the nature of the action;

    (2) the definition of the class certified;

    (3) the class claims, issues, or defenses;

    (4) that a class member may enter an appearance through counsel if the member so desires, and that any class member may attend the hearings;

    (5) that the arbitrator will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded;

(6) the binding effect of a class judgment on class members;

(7) the identity and biographical information about the arbitrator, the class representative(s) and class counsel that have been approved by the arbitrator to represent the class; and

(8) how and to whom a class member may communicate about the class arbitration, including information about the AAA Class Arbitration Docket (see Rule 9).

7. Final Award

The final award on the merits in a class arbitration, whether or not favorable to the class, shall be reasoned and shall define the class with specificity. The final award shall also specify or describe those to whom the notice provided in Rule 6 was directed, those the arbitrator finds to be members of the class, and those who have elected to opt out of the class.

8. Settlement, Voluntary Dismissal, or Compromise

(a) (1) Any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of an arbitration filed as a class arbitration shall not be effective unless approved by the arbitrator.

(2) The arbitrator must direct that notice be provided in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.

(3) The arbitrator may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.

(b) The parties seeking approval of a settlement, voluntary dismissal, or compromise under this Rule must submit to the arbitrator any agreement made in connection with the proposed settlement, voluntary dismissal, or compromise.

(c) The arbitrator may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

(d) Any class member may object to a proposed settlement, voluntary dismissal, or compromise that requires approval under this Rule. Such an objection may be withdrawn only with the approval of the arbitrator.

9. Confidentiality; Class Arbitration Docket

(a) The presumption of privacy and confidentiality in arbitration proceedings shall not apply in class arbitrations. All class arbitration hearings and filings may be made public, subject to the authority of the arbitrator to provide otherwise in special circumstances. However, in no event shall class members, or their individual counsel, if any, be excluded from the arbitration hearings.

(b) The AAA shall maintain on its Web site a Class Arbitration Docket of arbitrations filed as class arbitrations. The Class Arbitration Docket will provide certain information about the arbitration to the extent known to the AAA, including:

(1) a copy of the demand for arbitration;

(2) the identities of the parties;

(3) the names and contact information of counsel for each party;

(4) a list of awards made in the arbitration by the arbitrator; and

(5) the date, time and place of any scheduled hearings.

10. Form and Publication of Awards

(a) Any award rendered under these Supplementary Rules shall be in writing, shall be signed by the arbitrator or a majority of the arbitrators, and shall provide reasons for the award.

(b) All awards rendered under these Supplementary Rules shall be publicly available, on a cost basis.

11. Administrative Fees and Suspension for Nonpayment

(a) A preliminary filing fee of $3,250 is payable in full by a party making a demand for treatment of a claim, counterclaim, or additional claim as a class arbitration. The preliminary filing fee shall cover all AAA administrative fees through the rendering of the Clause Construction Award. If the arbitrator determines that the arbitration shall proceed beyond the Clause Construction Award, a supplemental filing fee shall be paid by the requesting party. The supplemental filing fee shall be calculated based on the amount claimed in the class arbitration and in accordance with the fee schedule contained in the AAA's Commercial Arbitration Rules.

(b) Disputes regarding the parties' obligation to pay administrative fees or arbitrator's compensation pursuant to applicable law or the parties' agreement may be determined by the arbitrator. Upon the joint application of the parties, however, an arbitrator other than the arbitrator appointed to decide the merits of the arbitration, shall be appointed by the AAA to render a partial final award solely related to any disputes regarding the parties' obligations to pay administrative fees or arbitrator's compensation.

(c) If an invoice for arbitrator compensation or administrative charges has not been paid in full, the AAA may so inform the parties in order that one of them may advance the required deposit. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA may suspend the proceedings.

(d) If an arbitration conducted pursuant to these Supplementary Rules is suspended for nonpayment, a notice that the case has been suspended shall be published on the AAA's Class Arbitration Docket.

12. Applications to Court and Exclusion of Liability

(a) No judicial proceeding initiated by a party relating to a class arbitration shall be deemed a waiver of the party's right to arbitrate.

(b) Neither the AAA nor any arbitrator in a class arbitration or potential class arbitration under these Supplementary Rules is a necessary or proper party in or to judicial proceedings relating to the arbitration. It is the policy of the AAA to comply with any order of a court directed to the parties to an arbitration or with respect to the conduct of an arbitration, whether or not the AAA is named as a party to the judicial proceeding in which the order is issued.

(c) Parties to a class arbitration under these Supplementary Rules shall be deemed to have consented that judgment upon each of the awards rendered in the arbitration may be entered in any federal or state court having jurisdiction thereof.

(d) Parties to an arbitration under these Supplementary Rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action seeking damages or injunctive relief for any act or omission in connection with any arbitration under these Supplementary Rules.

- AAA MISSION & PRINCIPLES
- PRIVACY POLICY
- TERMS OF USE

- <u>**TECHNICAL RECOMMENDATIONS**</u>
- ©2007 AMERICAN ARBITRATION ASSOCIATION. ALL RIGHTS RESERVED

*Pantel v. TMG of Illinois, LLC, dba Ted's Montana Grill, et al.,*
Case No. 07 C 7252

Plaintiffs' Response to Defendants' Motion
to Stay and Compel Arbitration

Exhibit 2,   American Arbitration Association, Commercial Arbitration
Rules and Mediation Procedures, Administrative Fees

# Exhibit 2


**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Commercial Arbitration Rules and Mediation PROCEDURES
(Including Procedures for Large, Complex Commercial Disputes)
Amended and Effective September 1, 2007

Summary of Changes

TABLE OF CONTENTS

IMPORTANT NOTICE
INTRODUCTION
STANDARD ARBITRATION CLAUSE
ADMINISTRATIVE FEES
MEDIATION
LARGE, COMPLEX CASES

COMMERCIAL MEDIATION PROCEDURES
M-1. Agreement of Parties

M-2. Initiation of Mediation
M-3. Representation
M-4. Appointment of the Mediator
M-5. Mediator's Impartiality and Duty to Disclose
M-6. Vacancies
M-7. Date and Responsiblities of the Mediator
M-8. Responsibilities of the Parties
M-9. Privacy
M-10. Confidentiality
M-11. No Stenographic Record
M-12. Termination of Mediation
M-13. Exclusion of Liability
M-14. Interpretation and Application of Procedures
M-15. Deposits
M-16. Expenses

M-17. Cost of Mediation

COMMERCIAL ARBITRATION RULES
R-1. Agreement of Parties
R-2. AAA and Delegation of Duties
R-3. National Roster of Arbitrators
R-4. Initiation under an Arbitration Provision in a Contract
R-5. Initiation under a Submission
R-6. Changes of Claim
R-7. Jurisdiction
R-8. Mediation
R-9. Administrative Conference

R-10. Fixing of Locale
R-11. Appointment from National Roster
R-12. Direct Appointment by a Party
R-13. Appointment of Chairperson by Party-Appointed Arbitrators or Parties
R-14. Nationality of Arbitrator
R-15. Number of Arbitrators
R-16. Disclosure
R-17. Disqualification of Arbitrator
R-18. Communication with Arbitrator
R-19. Vacancies
R-20. Preliminary Hearing
R-21. Exchange of Information
R-22. Date, Time, and Place of Hearing
R-23. Attendance at Hearings
R-24. Representation
R-25. Oaths
R-26. Stenographic Record
R-27. Interpreters
R-28. Postponements
R-29. Arbitration in the Absence of a Party or Representative
R-30. Conduct of Proceedings
R-31. Evidence
R-32. Evidence by Affidavit and Post-hearing Filing of Documents or Other Evidence
R-33. Inspection or Investigation
R-34. Interim Measures
R-35. Closing of Hearing
R-36. Reopening of Hearing
R-37. Waiver of Rules
R-38. Extensions of Time
R-39. Serving of Notice
R-40. Majority Decision
R-41. Time of Award
R-42. Form of Award
R-43. Scope of Award
R-44. Award upon Settlement
R-45. Delivery of Award to Parties
R-46. Modification of Award
R-47. Release of Documents for Judicial Proceedings
R-48. Applications to Court and Exclusion of Liability
R-49. Administrative Fees
R-50. Expenses
R-51. Neutral Arbitrator's Compensation
R-52. Deposits
R-53. Interpretation and Application of Rules
R-54. Suspension for Nonpayment

EXPEDITED PROCEDURES
E-1. Limitation on Extensions
E-2. Changes of Claim or Counterclaim
E-3. Serving of Notices
E-4. Appointment and Qualifications of Arbitrator
E-5. Exchange of Exhibits
E-6. Proceedings on Documents

E-7. Date, Time, and Place of Hearing
E-8. The Hearing
E-9. Time of Award
E-10. Arbitrator's Compensation

PROCEDURES FOR LARGE, COMPLEX COMMERCIAL DISPUTES
L-1. Administrative Conference

L-2. Arbitrators

L-3. Preliminary Hearing

L-4. Management of Proceedings

OPTIONAL RULES FOR EMERGENCY MEASURES OF PROTECTION
O-1. Applicability
O-2. Appointment of Emergency Arbitrator
O-3. Schedule
O-4. Interim Award
O-5. Constitution of the Panel
O-6. Security
O-7. Special Master
O-8. Costs

ADMINISTRATIVE FEES
Fees
Refund Schedule
Hearing Room Rental

IMPORTANT NOTICE

These rules and any amendment of them shall apply in the form in effect at the time the administrative filing requirements are met for a demand for arbitration or submission agreement received by the AAA. To ensure that you have the most current information, see our Web Site at www.adr.org.

INTRODUCTION

Each year, many millions of business transactions take place. Occasionally, disagreements develop over these business transactions. Many of these disputes are resolved by arbitration, the voluntary submission of a dispute to an impartial person or persons for final and binding determination. Arbitration has proven to be an effective way to resolve these disputes privately, promptly, and economically.

The American Arbitration Association (AAA), a not-for-profit, public service organization, offers a broad range of dispute resolution services to business executives, attorneys, individuals, trade associations, unions, management, consumers, families, communities, and all levels of government. Services are available through AAA headquarters in New York and through offices located in major cities throughout the United States. Hearings may be held at locations convenient for the parties and are not limited to cities with AAA offices. In addition, the AAA serves as a center for education and training, issues specialized publications, and conducts research on all forms of out-of-court dispute settlement.

Standard Arbitration Clause

The parties can provide for arbitration of future disputes by inserting the following clause into their contracts:

*Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by*

O-7. Special Master

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the AAA shall proceed as provided in Section O-1 of this article and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

O-8. Costs

The costs associated with applications for emergency relief shall initially be apportioned by the emergency arbitrator or special master, subject to the power of the panel to determine finally the apportionment of such costs.

ADMINISTRATIVE FEES

The administrative fees of the AAA are based on the amount of the claim or counterclaim. Arbitrator compensation is not included in this schedule. Unless the parties agree otherwise, arbitrator compensation and administrative fees are subject to allocation by the arbitrator in the award.

In an effort to make arbitration costs reasonable for consumers, the AAA has a separate fee schedule for consumer-related disputes. Please refer to Section C-8 of the *Supplementary Procedures for Consumer-Related Disputes* when filing a consumer-related claim.

The AAA applies the *Supplementary Procedures for Consumer-Related Disputes* to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. The AAA will have the discretion to apply or not to apply the Supplementary Procedures and the parties will be able to bring any disputes concerning the application or non-application to the attention of the arbitrator. Consumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdiction, even in consumer arbitration cases filed by the business.

Fees

An initial filing fee is payable in full by a filing party when a claim, counterclaim or additional claim is filed. A case service fee will be incurred for all cases that proceed to their first hearing. This fee will be payable in advance at the time that the first hearing is scheduled. This fee will be refunded at the conclusion of the case if no hearings have occurred. However, if the Association is not notified at least 24 hours before the time of the scheduled hearing, the case service fee will remain due and will not be refunded.

These fees will be billed in accordance with the following schedule:

| Amount of Claim | Initial Filing Fee | Case Service Fee |
|---|---|---|
| Above $0 to $10,000 | $750 | $200 |
| Above $10,000 to $75,000 | $950 | $300 |

| Above $75,000 to $150,000 | $1,800 | $750 |
| Above $150,000 to $300,000 | $2,750 | $1,250 |
| Above $300,000 to $500,000 | $4,250 | $1,750 |
| Above $500,000 to $1,000,000 | $6,000 | $2,500 |
| Above $1,000,000 to $5,000,000 | $8,000 | $3,250 |
| Above $5,000,000 to $10,000,000 | $10,000 | $4,000 |
| Above $10,000,000 | * | * |
| Nonmonetary Claims** | $3,250 | $1,250 |

Fee Schedule for Claims in Excess of $10 Million.

The following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office or case management center.

| Claim Size | Fee | Case Service Fee |
|---|---|---|
| $10 million and above | Base fee of $12,500 plus .01% of the amount of claim above $10 million. | $6,000 |
| | Filing fees capped at $65,000 | |

** This fee is applicable only when a claim or counterclaim is not for a monetary amount. Where a monetary claim amount is not known, parties will be required to state a range of claims or be subject to the highest possible filing fee.

Fees are subject to increase if the amount of a claim or counterclaim is modified after the initial filing date. Fees are subject to decrease if the amount of a claim or counterclaim is modified before the first hearing.

The minimum fees for any case having three or more arbitrators are $2,750 for the filing fee, plus a $1,250 case service fee. Expedited Procedures are applied in any case where no disclosed claim or counterclaim exceeds $75,000, exclusive of interest and arbitration costs.

Case 1:07-cv-07252    Document 27-2    Filed 05/29/2008    Page 14 of 17

Parties on cases held in abeyance for one year by agreement, will be assessed an annual abeyance fee of $300. If a party refuses to pay the assessed fee, the other party or parties may pay the entire fee on behalf of all parties, otherwise the matter will be closed.

Refund Schedule

The AAA offers a refund schedule on filing fees. For cases with claims up to $75,000, a minimum filing fee of $300 will not be refunded. For all other cases, a minimum fee of $500 will not be refunded. Subject to the minimum fee requirements, refunds will be calculated as follows:

- 100% of the filing fee, above the minimum fee, will be refunded if the case is settled or withdrawn within five calendar days of filing.
- 50% of the filing fee will be refunded if the case is settled or withdrawn between six and 30 calendar days of filing.
- 25% of the filing fee will be refunded if the case is settled or withdrawn between 31 and 60 calendar days of filing.

No refund will be made once an arbitrator has been appointed (this includes one arbitrator on a three-arbitrator panel). No refunds will be granted on awarded cases.

Note: the date of receipt of the demand for arbitration with the AAA will be used to calculate refunds of filing fees for both claims and counterclaims.

Hearing Room Rental

The fees described above do not cover the rental of hearing rooms, which are available on a rental basis. Check with the AAA for availability and rates.

© 2007 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.

AAA235

- AAA MISSION & PRINCIPLES
- PRIVACY POLICY
- TERMS OF USE
- TECHNICAL RECOMMENDATIONS

- ©2007 AMERICAN ARBITRATION ASSOCIATION. ALL RIGHTS RESERVED

*Pantel v. TMG of Illinois, LLC, dba Ted's Montana Grill, et al.*,
Case No. 07 C 7252

Plaintiffs' Response to Defendants' Motion
to Stay and Compel Arbitration

Exhibit 3,    Pantel Declaration

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE PANTEL, on behalf of herself and all other persons similarly situated, known and unknown, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 07 C 7252 |
| v. ) ) | Judge Gottshall |
| TMG OF ILLINOIS, LLC, d/b/a TED'S MONTANA GRILL, TED'S MONTANA and GEORGE W. MCKERROW, JR., ) ) ) ) | Magistrate Judge Denlow |
| Defendants. ) | |

DECLARATION OF MICHELLE PANTEL

I, Michelle Pantel, being duly sworn, on oath state and affirm that if called to testify as a witness I could testify competently to the following:

1. I am the plaintiff in this action, and I make this declaration in support of my response to Defendants' Motion to Stay Proceedings and Compel Arbitration. I worked at Ted's Montana Grill in Glenview, Illinois, from late June through early November 2007.

2. I presently work at Lutheran General Hospital, in Park Ridge, Illinois, as a nursing care technician. I began my employment with Lutheran General on January 1, 2008. I earn $11.21 per hour, and I usually work about 40 hours per week.

3. I live with my parents, and I do not pay rent. However, I attended Clarke College, in Dubuque, Iowa, and I am paying off two student loans that total approximately $8,000.00. In addition, I have to pay my general living expenses.

DECLARATION OF MICHELLE PANTEL                                                                 Page 1

4. I could not afford to proceed with my case if I have to pay several thousand dollars or more for an arbitration. Nor can I afford to pay my lawyers on an hourly basis, if it were necessary for me to do so.

5. If I were required to bring my case to arbitration without knowing whether I would ultimately be responsible for arbitration costs and attorneys' fees, I could not proceed with my case.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Michelle Pantel

I declare under penalty of perjury that the foregoing is true and correct.

May 28, 2008

_____
Michelle Pantel

DECLARATION OF MICHELLE PANTEL.

Page 2