IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| MICHELLE PANTEL on behalf of herself and all other persons similarly situated, known or unknown, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Case No. 07-C-7252<br>Hon. Joan B. Gottschall |
| TMG OF ILLINOIS, LLC, d/b/a TED'S MONTANA GRILL, TED'S MONTANA GRILL, INC., and GEORGE W. MCKERROW, JR., | * * * * * | |
| Defendants. | * | |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

In her Opposition to Defendants' Motion to Stay Proceedings and Compel Arbitration, the plaintiff does not dispute that she entered into an arbitration agreement and that her claims under the Fair Labor Standards Act and Illinois law fall within the scope of that agreement. Similarly, she does not assert that there is anything unfair or unconscionable about the procedures to be followed in the arbitration, the American Arbitration Association's Rules for the Resolution of Employment Disputes. Plaintiff also seems to admit that she can receive the same substantive relief in arbitration that she can receive in federal court.

Nevertheless, plaintiff contends there is "uncertainty" as to whether she ultimately may receive an award of attorney's fees and costs and that the costs associated with the arbitration process may prove prohibitive. Defendants respectfully submit that these concerns are premature and in any event, unwarranted given the language of the arbitration agreement itself

and the procedures of the AAA. Accordingly, defendants respectfully renew their request that this action be stayed pending arbitration.

A. **The Validity of Ancillary Provisions for the Payment of Costs and Attorneys' Fees Should Be Determined By the Arbitrator.**

As noted above, there is no dispute that Ms. Pantel and Ted's Montana Grill, Inc., entered into an arbitration agreement or that her claims come within its scope. Thus, the agreement is prima facie enforceable. See Hawkins v. Aid Association for Lutherans, 338, F.3d 801, 807 (7th Cir. 2003). Ms. Pantel, however, challenges the interpretation and application of "ancillary" portions of the Agreement providing for the payment of attorneys' fees and costs. Defendants respectfully submit that these issues should be directed to the arbitrator.

The Agreement states that "all controversies or claims arising out of or relating to the arbitration procedure . . . including without limitation the validity, scope and enforceability of the agreement to arbitrate, shall be settled by the arbitrator and shall be governed by federal law."[1] In Carbajal v. H & R Tax Services, Inc., 372 F.3d 903 (7th Cir. 2004), the Seventh Circuit considered an agreement that gave the arbitrator the authority to determine "the validity or enforceability of the arbitration provision or any part thereof . . . " Id. at 904. In view of this language, the court held that "the arbitrator rather than the court determines the validity of . . . ancillary provisions" for the payment of costs and attorneys' fees. Id. at 906, citing, Green Tree Financial Services v. Bazzle, 539 U.S. 444 (2003); see also Hawkins, 338 F.3d at 807; Mitchell v. Verizon Wireless, 2006 WL 862879, at *4 (N.D. Ill., March 31, 2006); cf. Safranek v. Copart, Inc., 379 F. Supp. 2d 927, 933 (N.D. Ill. 2005) (Unlike the agreement in Carbajal, "there [was] no similar language in the text of the agreement in [Safranek] that the parties agreed to arbitrate

---

[1] See Agreement at p. 2. A copy of the Agreement is attached as Exhibit "A" to the Declaration of Laura Grunwald which is attached as Exhibit "1" to defendants' Motion.

the question of enforceability. Indeed, this particular agreement does not state that the arbitrator has discretion to determine what, if any, attorneys' fees shall be awarded.").

The Agreement between Ms. Pantel and Ted's expressly allows the arbitrator to determine questions concerning enforceability. Moreover, it expressly authorizes the arbitrator to resolve issues pertaining to attorney's fees and costs. In consequence, Ms. Pantel's arguments regarding the validity of the fees and costs provisions are premature. These should be directed in the first instance to the arbitrator.

**B.    The Same Relief Available to the Plaintiff in Federal Court Can be Afforded Her in Arbitration.**

In the event the Court determines that Ms. Pantel's objections to the attorneys' fees and cost provisions are properly before it, defendants submit there is no conflict between these provisions and the FLSA. The Agreement expressly states that "remedies available under this procedure include all remedies, which would be available if the team member's dispute were tried in court."[2] As an award of attorney's fees in an action under the FLSA is a remedy available to a plaintiff in an action in court, this remedy is available to Ms. Pantel in arbitration.

Ms. Pantel also takes exception to the Agreement's statement that "unless otherwise ordered by the arbitrator" the parties will be responsible for their own attorney's fees. Nevertheless, there is no conflict between this provision and the FLSA.[3] Even in an action in federal court, a successful plaintiff must file a post-judgment motion with the court to receive an Order awarding him or her attorney's fees. Fed. R. Civ. P. 54(d)(2); L.R. 54.3. What constitutes

---

[2]    Agreement at p. 3

[3]    Plaintiff relies upon the decision in DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818 (2d Cir. 1997). Nevertheless, that case involved the standard to be applied by the Court of Appeals in reviewing a fully adjudicated arbitration proceeding. Moreover, the Second Circuit noted that the plaintiff's counsel may have failed to inform the arbitration panel that the Age Discrimination in Employment Act mandates an award of fees to a prevailing plaintiff. Id. at 823. Defendants doubt that Ms. Pantel's counsel would be that reticent.

a reasonable fee is then determined by the court pursuant to a number of factors. See <u>Hensley v. Eckhart</u>, 461 U.S. 424, 428 n.7 (1983); <u>Small v. Richmond Wolf Medical Instruments Corp.</u>, 264 F.3d 702, 707 (7th Cir. 2001). Accordingly, this provision of the Agreement simply confirms that the arbitrator possesses the same authority to decide issues pertaining to fee requests.[4]

Ms. Pantel raises the same specter of uncertainty concerning an award of costs at the conclusion of the case. (Response at p. 6). She contends that "plaintiff, on prevailing <u>might</u>" receive costs and further protests that she "cannot know whether those sums will be awarded to her before she is forced to incur costs to proceed with the arbitration." (<u>Id.</u>) (emphasis added). In other words, plaintiff is in the same position as any litigant in the civil justice system at the outset of a case: she does not know with certainty whether she ultimately will prevail and receive an award of costs. As with attorneys' fees, if the case were to remain in federal court, the plaintiff still would need to file a bill of costs, a transcript of costs and otherwise apply to the trial court for an award of costs after winning her case. Fed. R. Civ. P. 54(a); L.R. 54.1.

C.  **The Arbitration Agreement Does Not Unfairly Burden the Plaintiff With Payment of Pre-Arbitration Expenses.**

Plaintiff also objects to the Agreement on the grounds that the language regarding the division of arbitration expenses would unduly burden her with the payment of upfront costs. This objection, however, is misguided. The Agreement expressly states that it is subject to the rules of the American Arbitration Association. Rule No. 48 of the Employment Dispute Resolution Rules states that the employer will pay the arbitrator's compensation as well as the AAA's administrative fees, other than the initial $150 filing fee to be paid by the employee. (<u>See</u> Exhibit "1" hereto). Again, it is difficult to understand Ms. Pantel's concern over this feature of

---

[4] The arbitrator is required to make his or her decision "in accordance with governing, prevailing law, including statutory and judicial authority." (Agreement at p. 4).

the Agreement given that both the language of the document itself and the AAA's procedures remove this potential burden from her.

In support of her position, Ms. Pantel relies upon a number of decisions in which the arbitration agreement either prohibited or curtailed the plaintiff's right to seek costs or fees. See, e.g., McCaskill v. SCI Management Corp., 298 F.3d 677, 680 (7th Cir. 2001) (the "plain terms" of the Agreement "clearly prohibit[ed] recovery of attorney's fees regardless of the result or the type of action filed.); Shankle v. B-G Maintenance Management of Colorado, Inc., 163 F.3d 1240, 1232 (10th Cir. 1999) (employee was to remain absolutely responsible for the payment of costs); Cole v. Burns International Security Services, 105 F.3d 1465, 1480 (D.C. Cir. 1996) (earlier version of AAA Dispute Resolution Rules which did not address which party would pay costs). In the present case, however, the AAA Rules expressly address how and by whom fees and costs will be paid. Thus, plaintiff's objections on this basis are unwarranted.[5]

In a similar fashion, plaintiff's concerns about the AAA's class action procedures are speculative at best. To date, Ms. Pantel is the sole plaintiff in this case and no other person has filed a consent under 29 U.S.C. § 216(b). Plaintiff also has not filed a Motion under Fed. R. Civ. P. 23(c) with respect to her state law claims. Accordingly, "plaintiff has not been assessed with any fees [with respect to her class action assertions] nor is it certain [she] ever will be . . . [Her] speculation about prohibitive costs is just that – speculation; this is not enough to invalidate an otherwise enforceable arbitration provision." Musnick v. King Motor Co., 325 F.3d 1255, 1260 (11th Cir. 2003), citing, Goodman v. ESPE American, Inc., 84 Fair Emp. Prac. Cas. 1629 (E.D. Pa. 2001).

---

[5]   Indeed, other agreements with less favorable language to the plaintiff have been found enforceable. Gillespie v. Village of Franklin Park, 405 F. Sup. 2d 904 (N.D. Ill. 2005); Mandel v. SCI Illinois Services, Inc., 2003 WL 21801016 (N.D. Ill., Aug. 1, 2003).

**D.     Severance**

In the event the Court were to decide that the fee and cost provisions are invalid, defendants respectfully request that they be severed from the Agreement. See Safranek v. Copart, Inc., 379 F. Supp. 2d 927 (N.D. Ill. 2005). As recognized in Safranek,

> given the strong federal policy favoring arbitration, and the ability of the courts to sever unenforceable provisions of otherwise valid agreements, the best course in this case is to sever the portion of the arbitration clause stating that each party shall bear its own costs with respect to attorney's fees. Under Illinois law, a court may, in its discretion, "modify a contract so that it comports with the law or sever unenforceable provisions from a contract . . ." The bar to attorney's fees does not go to the "essence" of the agreement between the parties and therefore can be severed. This court severs the portion of the receipt requiring each party to bear its own attorney's fees and costs and that portion only from the arbitration clause.

Id. at 935 (citations omitted); see also Spinetti v. Service Corp., 324 F.3d 2112, 222 (3d Cir. 2003); Cole, 105 F.3d at 1485. Accordingly, these ancillary provisions should not impede the enforcement of the parties' primary agreement to arbitrate.

In sum, plaintiff has not identified any credible basis for denying defendants' Motion. Defendants respectfully request that the Motion to Stay and Compel be granted.

Dated:   June 12, 2008.

SHEA STOKES ROBERTS & WAGNER, ALC

s/s John R. Hunt
Admitted *Pro Hac Vice*
Theodore Lu
Admitted *Pro Hac Vice*
3593 Hemphill Street
College Park, GA  30337
404.766.0076 Telephone
404.766.8823 Facsimile

Attorneys for Defendants

s/s Jason C. Kim
Neal Gerber & Eisenberg LLP
2 N. LaSalle Street, Suite 2200
Chicago, IL  60602
312.269.8019

Local Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| MICHELLE PANTEL on behalf of herself and all other persons similarly situated, known or unknown,<br><br>      Plaintiff,<br><br>v.<br><br>TMG OF ILLINOIS, LLC, d/b/a TED'S MONTANA GRILL, TED'S MONTANA GRILL, INC., and GEORGE W. MCKERROW, JR.,<br><br>      Defendants. | Case No. 07-C-7252 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also mailed by United States Mail, postage prepaid, addressed as follows:

Douglas M. Werman
Maureen A. Bantz
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, IL 60602

Jamie G. Sypulski
Law Office of Jamie G. Sypulski
122 South Michigan Avenue, Suite 1720
Chicago, IL 60603

This 12th day of June, 2008.

                                                    s/s   John R. Hunt